UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **JOHN ALAN CONROY #42054-177** | **CASE NO. 6:24-CV-00540** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **L E A M DRILLING SERVICES** | **MAGISTRATE JUDGE DAVID J. AYO** |

## REPORT AND RECOMMENDATION

Now before this Court is a MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE filed by defendant REME, LLC ("REME"), erroneously named as LEAM Drilling Services. (Rec. Doc. 5). Plaintiff John Alan Conroy opposes the motion and filed therewith an incorporated MOTION TO REMAND COMPLAINT BACK TO STATE COURT. (Rec. Doc. 9). The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636. Considering the law and the parties' arguments, and for the reasons explained below, this Court recommends that REME's Motion to Dismiss be GRANTED and Conroy's Motion to Remand be DENIED and, accordingly, that all claims by Conroy be DISMISSED with prejudice.

## Factual Background

Conroy filed the instant suit in the Sixteenth Judicial District Court for the Parish of Iberia, State of Louisiana, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* by REME, his former employer. (Rec. Doc. 1-1). REME timely removed Conroy's suit, asserting the court's federal question jurisdiction over the FLSA claim. (Rec. Doc. 1).

Conroy alleges that he was employed by REME as a Measure While Drilling Field Supervisor in 2008 and paid a salary plus a day rate. (Rec. Doc. 1-1 at p. 7). He alleges that he worked "24/7 till the job was done, sometimes for multiple weeks on end" but was not paid overtime to which he was entitled under the FLSA. (*Id.*). At some point following the end of his employment, Conroy was convicted of one or more crimes and sentenced to a period of incarceration and is in the custody of the United States Bureau of Prisons at F.C.I. Marion in Marion, Illinois. (Rec. Doc. 9-1 at p. 8). Conroy appears *pro se* in this matter.

After removing the suit to this court, REME filed the instant Motion to Dismiss, which has been noticed for briefs and is now properly before the undersigned for review.

## **Applicable Standards**

When considering a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the district court must limit itself to the contents of the pleadings, including any attachments and exhibits thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000); *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.,* 355 F.3d 370, 375 (5th Cir. 2004). The court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Conclusory allegations and unwarranted deductions of fact are not

accepted as true, *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498. To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007). The allegations must be sufficient "to raise a right to relief above the speculative level," and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004).

## Analysis

### *Prescription*

REME seeks dismissal of Conroy's suit as prescribed. Citing 29 U.S.C. § 255, REME asserts that claims under the FLSA prescribe two years after accrual, except in cases of willful violations, in which case the prescriptive period is extended to three years. (Rec. Doc. 5-2 at pp. 4–6). REME points out that Conroy's complaint alleges he was employed for a short time during 2008, making this 2024 suit untimely on its face. (Rec. Doc. 1-1 at p. 7).

The complaint appears to anticipate REME's prescription argument, alleging that Conroy only became aware of the existence of his cause of action when the Supreme Court released its opinion in *Helix Energy Solutions Group, Inc. v. Hewitt*,

3

598 U.S. 39 (2023). REME argues that Conroy alleges no facts which would warrant the application of the doctrine of equitable tolling. (Rec. Doc. 1-1 at p. 7).

Claims under the FLSA are subject to a two-year statute of limitations, except where a willful violation is shown such that the three-year limitation period applies. 29 U.S.C. §255(a). Proof of willful violation requires that the plaintiff establish that "the employee either knew or showed reckless disregard for the matter of whether its conduct was prohibited by statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988) (citing *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 128 (1985)).

Taking the complaint's factual allegations as true for these purposes, the undersigned agrees that Conroy's FLSA claim is prescribed on its face. Conroy alleges that he was employed by REME for a short time in 2008. (Rec. Doc. 1-1 at p. 7). He does not allege a willful violation by REME or any facts which, viewed in the light most favorable to him, would support a finding of willfulness. As such, Conroy's FLSA claim is subject to the statute's two-year limitations period, resulting in prescription of the claim sometime in 2010. Conroy's suit was filed in 2024 and is thus untimely on its face.

Equitable tolling "pauses the running of, or 'tolls,' a statute of limitations when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from timely bringing an action." *Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014) (citing *Pace v. DiGuglielmo*, 544 U.S. 480, 418 (2005)). To the extent that Conroy alleges he was prevented from knowing of the existence

4

of an overtime pay cause of action under the FLSA for persons paid a salary and day rate, such argument is unavailing. Also unavailing is Conroy's assertion that *Hewitt* announced a new cause of action under the FLSA. Rather, *Hewitt* clarified that day rate workers are not considered salaried employees exempt from the FLSA's overtime provisions, regardless of the level of compensation paid as a day rate, since their weekly compensation is necessarily tied to the number of days worked in a given week. *Hewitt*, 598 U.S. at 51. Conroy's complaint clearly alleges he received both a salary and a day rate. As such, *Hewitt* is not a basis upon which this Court would apply equitable tolling. Similarly, to the extent Conroy argues that he simply did not know of the possibility of a claim under the FLSA until reading *Hewitt*, no basis for equitable tolling is pleaded. "'Ignorance of the law, even for an incarcerated pro se petitioner generally does not excuse prompt filing.'" *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)).

### *Remand*

Conroy's opposition to REME's instant motion is incorporated within a Motion to Remand. (Rec. Doc. 9). He asks the Court to remand his suit because he deliberately filed it in state court to avoid his "three strikes list" filing status under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997, *et seq.*, in federal district court. (Rec. Doc. 9 at p. 2). The PLRA applies to suits by prisoners alleging constitutional violations in the form of prison conditions. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). Review of the complaint contains no

5

allegation of any civil rights violation under Section 1983 as against any prison or prison official. Accordingly, the instant suit is not governed by the PLRA.

Having determined that Conroy's purported FLSA claim is prescribed, the undersigned will recommend that his Motion to Remand be denied. To the extent that Conroy asserts a claim against REME for unpaid overtime under Louisiana law, such claim is preempted by the FLSA. *Hampton v. McDermott Int'l., Inc.*, 2019 WL 5617025 (W.D. La. 10/30/2019) (internal citations omitted) (where suit alleges entitlement to unpaid overtime wages under Louisiana law, such claim is preempted by the FLSA). Taken together, the prescription of Conroy's FLSA claim and the preemption of any possible Louisiana law claim for unpaid overtime result in the complete lack of viable claims which might be subject to remand. For this reason, the undersigned would deny remand in this instance.

## Conclusion

For the reasons discussed herein, the Court recommends that the MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE filed by defendant REME, LLC (Rec. Doc. 5) be GRANTED in full, denying and dismissing with prejudice all claims by Plaintiff John Alan Conroy. The undersigned further recommends that Conroy's MOTION TO REMAND COMPLAINT BACK TO STATE COURT (Rec. Doc. 9) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of

Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.

**THUS DONE** in Chambers, Lafayette, Louisiana on this 16th day of October, 2024.

_____
**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**